1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re:  A TRUCKING CRANE RENTAL   )    Civil No. 07-CV-564-L(AJB)
    & REPAIR CO.,                     )
12                                    )    Bankruptcy No.  05-7432-PB7
            Debtor.                   )
13  _____)    **ORDER AFFIRMING THE**
                                      )    **BANKRUPTCY COURT'S ORDER;**
14  ALBERT O'ROURKE,                  )    **DISMISSING THE APPEAL WITH**
                                      )    **PREJUDICE AND DIRECTING**
15            Appellant,              )    **ENTRY OF JUDGMENT**
                                      )
16  v.                                )
                                      )
17  GERALD DAVIS, Chapter 7 Trustee,  )
                                      )
18            Appellee.               )
                                      )
19  _____)

20        Appellant Albert O'Rourke ("O'Rourke" or "appellant") appearing *pro se*,[1] filed the

21  above-captioned bankruptcy appeal on March 27, 2007.  Appellant challenges the bankruptcy

22  court's denial of his $1.1 billion dollar claim against the bankruptcy estate.  The appeal has been

23  fully briefed.  For the reasons set forth below, the decision of the bankruptcy court will be

24  affirmed in its entirety and the appeal dismissed with prejudice.

25  / / /

26

27        [1]      Plaintiff is an attorney but no longer practices law.  Plaintiff's status with the State
28  Bar of California since 1991 is "not eligible to practice law."

                                                              07CV564

## I.    ISSUE PRESENTED

Did the bankruptcy court err when it disallowed appellant's Proof of Claim by sustaining appellee's objection to the claim.

## II.    STANDARD OF REVIEW

An appellant may petition the district court for review of a bankruptcy court's decision. FED. R. BANKR.P. 8013.[2]  The applicable standard of review is identical to that employed by circuit courts of appeal in reviewing district court decisions. *See Heritage Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997).  Legal conclusions are reviewed on a *de novo* basis, and factual determinations are assessed under a "clearly erroneous" standard.  *Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 792 (9th Cir. 1997)(*en banc*).

The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, on the entire evidence presented, has a definite and firm conviction that a mistake was made.  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).  Therefore, a reviewing court may not overturn a decision, even if it would have weighed the evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record.  *Id.*  In applying the clearly erroneous standard of review, the appellate court views the evidence in the light most favorable to the party who prevailed below.  *Lozier v. Auto. Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

## III.    PROCEDURAL BACKGROUND

An involuntary Chapter 7 petition was filed against A Trucking Rental and Repair Co. dba A.T.C. Rentals and Repairs, Inc. ("ATC") on August 12, 2005, in the United States Bankruptcy Court for the Southern District of California ("bankruptcy court") .  The case was converted to a voluntary Chapter 11 case and a trustee appointed for the ATC bankruptcy estate ("Estate").  Thereafter, the court ordered that the case be reconverted to a Chapter 7 case.

---

[2]    Federal Rule of Bankruptcy Procedure 8013 provides in relevant part : "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

07CV564

1    One of the assets of the ATC estate is real property located at 2995 Commercial Street,

2    San Diego, California 92113 (the "Property").  Appellant O'Rourke filed an unsecured non-

3    priority Proof of Claim in the amount of $1.1 billion based upon his alleged sub-tenancy interest

4    in a brick building on ATC's Property.[3]

5    Gerald Davis, the Chapter 7 Trustee and appellee ("Trustee" or "appellee"), filed his

6    objection to the claim on August 10, 2006.  Appellant requested a hearing that was rescheduled

7    several times.  The bankruptcy court held an evidentiary hearing on March 15, 2007.  The

8    Trustee provided various exhibits and the testimony of four witnesses during the hearing.

9    Appellant offered no witnesses on his behalf but provided his own testimony during the hearing

10   and offered a copy of a one-page document dated November 2, 1994, to support his claim that is

11   entitled: "Assignment of Sub-Lease and Tenancy to Jeff Pease and Al O'Rourke by Master

12   Tenant Ralph Hughes, with a Retained interest by Hughes ('the Sublease')."[4]  Based upon the

13   Sublease document, appellant argued he held a sub-tenancy interest in a brick building located

14   on the Property that Ralph Hughes ("Hughes") allegedly subleased to appellant.  The bankruptcy

15   judge sustained the Trustee's objection to the claim at the end of the evidentiary hearing.  The

16   Court issued a written order that was filed on April 3, 2007.  Appellant filed his Notice of

17   Appeal on March 23, 2007.

18   **IV.    DISCUSSION**

19        **A.    Legal Standard re: Proof of Claim**

20   A proof of claim filed under 11 U.S.C. § 501 constitutes "prima facie evidence of the

21   validity and amount of the claim," *see* BANKR. R. 3001(f), and is deemed allowed unless a party

22   in interest objects. 11 U.S.C. § 502(a).  The evidentiary burden of Bankruptcy Rule 3001(f)

23   requires the objector to come forward with evidence contradicting the validity or amount of the

24   claim.  *Global Western Dev. Corp. v. Northern Orange County Credit Serv., Inc.*, 759 F.2d 724,

25   _____

26   [3]    ATC is not a party to the alleged Sublease agreement and therefore, does not and
     would not have the original Sublease document.

27   [4]    The Sublease document was initially presented as an exhibit to appellant's Proof of

28   Claim.

07CV564

727 (9th Cir. 1985).  If the objector produces sufficient evidence to overcome the *prima facie* effect of the proof of claim, the ultimate burden will revert to the claimant.  *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (citing L. KING, 3 COLLIER ON BANKRUPTCY ¶ 502.02, at 502-22 (15th ed. 1991)) (proof of claim is strong enough to carry over mere formal objection).  As the Ninth Circuit Bankruptcy Appellate Panel has explained, the burdens of proof with respect to a bankruptcy proof of claim are as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is prima facie valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . The burden of persuasion is always on the claimant.

*In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. BAP 1995) (quoting *In re Allegheny International Inc.*, 954 F.2d 167, 173-74 (3rd Cir.1992)).

Under California law, a party claiming an equitable interest in property has the burden of proof to show due and sufficient notice of matters outside the record title.  *In re Yepremian*, 116 F.3d 1295 (9th Cir. 1997).  Further, under the Bankruptcy Code, "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority or extent of such interest."  11 U.S.C. § 363(o)(2).

**B.      Evidence Submitted**

**1.      Appellant's Proof of Claim**

As noted above, appellant's evidence in support of his Proof of Claim consists of his own testimony and declaration (Exh. 5 to Counter Designation of Record ("CD")),[5] and the purported Sublease document which appellant contends demonstrates he has a sublease interest in the building at 2995 Commercial Street.   The Sublease sets forth:

> To whom it may concern, and to the parties to this agreement
> Master tenant Ralph Hughes, herein grants for a valuable consideration of $150 per month to Jeff Pease and Al O'Rourke, a sub-tenancy on the portion of the 2995

---

[5]      The Court notes that appellant has not offered a designation of record for this appeal.

Commercial Ave. San Diego Property leased or owned by Hughes.  Hughes reserves unto himself a retained interest the benefit of Hughes' three daughters Heather, Heidi, and Ashley Hughes, and for Rita Winton, the right of use (of said sub-leased property to Pease and O'Rourke (who acknowledge such by this document) and any third party claimants against Pease or O'Rourke).  This agreement is to run month to month and is terminable upon 30 days notice by mail notice.
So agreed and executed, this Nov. 2, 1994 at San Diego CA.

(Exh. 11 to CD).

The Sublease has signature lines, O'Rourke's signature and the alleged signatures of Hughes and Jeff Pease ("Pease").  *Id.*

### 2.   Appellee's Objection to Proof of Claim

### a.   Authenticity of the Sublease Document

Appellee contends that O'Rourke failed to properly authenticate the Sublease document which defeats his claim that a sublease actually existed.  Federal Rule of Evidence 901(a) provides in relevant part:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponents claim.

FED. R. EVID. 901.

In support of his objection to O'Rourke's  Proof of Claim, appellee presented the testimony and declaration of Hughes, an alleged signatory to the Sublease document.  Hughes testified that he had neither seen nor executed the Sublease document, and there never had been a written or oral agreement to lease or sublet any portion of the Property to O'Rourke.  (Exh. 4 to CD, Reporter's Transcript of the Evidentiary Hearing ("Tr.") 32-33).  In his declaration, Hughes states, under penalty of perjury, that:

I have never seen the Assignment Document nor have I ever executed this document as indicated therein.  This is a fraudulent document containing false signature(s)." . . .  Additionally, to the best of my knowledge, Mr. O'Rourke has never been on the property . . . .  Furthermore, there was never an agreement with Mr. O'Rourke regarding this property as stated in the Agreement Document.

(Exh. 4 to CD).

Moreover, on January 26, 2997, ATC's predecessor-in-interest, Lyman Schroeder, agreed to lease a building on the Property to Hughes but in November of 1994 – at the time the

1    Sublease was allegedly signed – Hughes had no interest in the Property to sublease to Appellant.

2    (Exh. 6 to CD; Tr. 10, 26, 32).

3        Jeff Pease also testified that he never had a sublease of the Property with O'Rourke from

4    Hughes and had no recollection of signing the Sublease document. (Tr. 38).[6]

5        Appellee also notes that O'Rourke never sought to obtain the original purported Sublease

6    agreement through subpoena or any other judicial means.

7                    **b.    Access to the Property**

8        Hughes testified that he regularly was on the Property and had not seen O'Rourke there.

9    (Tr. 92-93).  Hughes further testified that O'Rourke never asked to have access to the subject

10   brick building on the Property or for a key to the Property.  (Tr. 93-94).  Additionally, Kim

11   Schroeder ("Schroeder"), an employee of ATC since 1996 or 1997 and  who was familiar with

12   the boundaries of the ATC Property, testified that "during business hours the gate was always

13   unlocked, and you could access any part of the yard through, you know, that gate there, because

14   there were three gates, you know along Commercial Street." (Tr. 81).  In response to the

15   question of whether he had ever seen O'Rourke on the premises, Schoeder responded: "Not that

16   I can recall, no." *Id.*

17       O"Rourke also testified that he had not been on the property since approximately 2000

18   (Tr. 56-57).  O'Rourke did not testify that he had ever sought access to the building or keys to

19   the Property from Hughes.

20               **3.    The Bankruptcy Court's Discussion of Evidence and Conclusion**

21       In considering the Trustee's motion *in limine* prior to the evidentiary hearing on his

22   objection, the Bankruptcy Court found:

23           [B]ased upon the evidence presented so far, that the trustee has carried its burden
             of rebutting the prima facie validity of the proof of claim submitted by Mr.
24           O'Rourke, and the burden is upon Mr. O'Rourke to prove by a preponderance of
             evidence that there's a factual basis to support the claim.
25   (Tr. 47)

26   _____

27       [6]    Although Jeff Pease testified that the signature on the document appeared to be his,
     he did not remember signing the document and opined that someone may have "cut and pasted"
28   his signature on the document.  (T. at 38)

1    After hearing the testimony of Hughes (Tr. 4-37; 92-100); Pease (Tr. 37-44); O'Rourke
2 (Tr. 48-79); Schroeder (Tr. 80-92); and William Klees (Tr. 101-103), the bankruptcy judge
3 entered his oral order.

4    The bankruptcy court found that O'Rourke "failed to carry his burden of proof that there
5 is in fact a sublease of 1994," (Tr. 115-116) and noted that there was "absolutely no evidence
6 before the Court that in 1994 Mr. Hughes had anything that he could convey in terms of an
7 interest in real property as a leasehold or as a sublease with respect to 2995 Commercial.  No
8 evidence whatsoever."  (Tr. 116).  The court further pointed out that the 30-day notice recently
9 given to O'Rourke and Pease did not establish the authenticity of the purported sublease but was
10 a legally appropriate alternative means of terminating a tenancy if the court found that such a
11 tenancy existed.  (Tr. 115).  Additionally, the court noted that O'Rourke did not testify that he
12 ever received a key to the space he claimed was subject to the Sublease which suggests that a
13 sublease did not exist.  (Tr. 119-120).  The court found that O'Rourke provided no evidence "of
14 any damages sustained by his alleged denial of possession or of access to the property."  (Tr.
15 121).  As a result of the evidence presented at the evidentiary hearing, the bankruptcy court
16 concluded that "[t]he claim will be denied on the grounds that there was no sublease, and even if
17 there was a sublease, there was no damage and no interference with right of possession."  (Tr.
18 112).

19 **V.    CONCLUSION**

20    As discussed above, both of the other alleged parties to the Sublease agreement
21 disavowed seeing or signing the document before this dispute arose.  It is also undisputed that
22 Hughes had no interest in the property at the time the Sublease document was purportedly
23 signed.  There is no evidence that O'Rourke had his alleged right to access the Property impeded
24 during business hours or that he ever requested a key for entry to the Property.  Having carefully
25 reviewed the Proof of Claim, the testimony and documentary evidence introduced during the
26 hearing, the Court sustains the findings and conclusions of the bankruptcy court as plausible in
27 light of the entire record.  Indeed, this Court has a definite and firm conviction that a mistake
28

07CV564

was not made in this case.

Based on the foregoing, the decision of the Bankruptcy Court is **AFFIRMED** in its entirety.  The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED**.

DATED: January 23, 2008

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

HON. PETER W. BOWIE
UNITED STATES BANKRUPTCY JUDGE

ALL COUNSEL/PARTIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28